```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

| | | |
|---|---|---|
| Kimberly McCauley, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:16-cv-253 |
| | : | JUDGE MICHAEL H. WATSON |
| America's Pizza Company, LLC, | | Magistrate Judge Kemp |
| Defendant. | : | |
| Hamdi Hassan, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Case No. 2:16-cv-418 |
| | : | JUDGE JAMES L. GRAHAM |
| America's Pizza Company, LLC, et al., | | Magistrate Judge Kemp |
| Defendants. | : | |

## OPINION AND ORDER

Defendant America's Pizza Company, LLC (APC) has moved to consolidate these two cases. The plaintiffs in Case No. 2:16-cv-418, Hamdi Hassan, Ahmadou Alpha, and Christopher Ward, oppose consolidation for purposes other than discovery. The issues have been fully briefed. For the following reasons, the motion to consolidate will be granted in part and denied in part.

### I. Background

On March 23, 2016, Kimberly McCauley, the named plaintiff in Case No. 2:16-cv-253, filed her collective action complaint against APC. She sued on her own behalf and also brought her claims as 'opt-in' collective action claims on behalf of similarly situated delivery drivers for (1) failure to pay minimum wages under the FLSA and (2) failure to pay minimum wages

under Ohio law.  On May 11, 2106, Mr. Hassan filed a class action complaint in Case No. 2:16-cv-418 against APC and its CEO Michael Brent Stolzenthaler.  Mr. Hassan also asserted opt-in collective action claims for failure to pay minimum wages.  Unlike Ms. McCauley, however, Mr. Hassan asserted a claim for failure to pay overtime wages under the FLSA.  Further, he asserted Rule 23 opt-out class action claims arising under state law for (1) failure to pay minimum wages, (2) failure to pay overtime wages, and (3) untimely payment of wages.  Finally, Mr. Hassan alleged that Mr. Stolzenthaler, as the CEO, was individually liable for delivery driver damages as an employer.

In the McCauley case, APC and Ms. McCauley stipulated regarding sending notice of an opt-in collective action, conditionally certified for settlement purposes only, to a subset of APC's delivery drivers.  See Case No. 2:16-cv-253, Doc. 25.  Employees who have signed an arbitration agreement since January 1, 2016, or applied for their position online after March 23, 2015, are excluded from the stipulated collective.  Ms. McCauley also stipulated for purposes of conditional certification that she would dismiss her Ohio claims and proceed only on her FLSA claims on behalf of herself and whoever opted in.  The Court approved this stipulation on September 13, 2016, and notice was sent to 3,500 potential opt-in plaintiffs on November 11, 2016.  As of the expiration of the opt-in period on February 1, 2017, over 300 delivery drivers had opted-in.

In the Hassan case, APC and Mr. Stolzenthaler moved to compel individual arbitration of Mr. Hassan and Mr. Alpha's claims.  Mr. Ward opted-in and a motion for leave to file a second amended complaint proposing to name him as a plaintiff and class representative was filed on October 20, 2016.  As a result, Mr. Ward was not subject to the motion to compel arbitration.

By order dated March 24, 2017, Judge Graham stayed the

Hassan case on two bases. First, he noted the pending motion to consolidate. Further, he explained that the United States Supreme Court will soon hear argument on three consolidated cases on the issue of "'[w]hether the collective-bargaining provisions of the National Labor Relations Act prohibit the enforcement under the Federal Arbitration Act of an agreement requiring an employee to arbitrate claims against an employer on an individual, rather than collective, basis.'" See Order Granting Defendants' Motion to Stay, Doc. 37, p. 2, quoting Ernst & Young LLP v. Morris, 2016 WL 4710181 (U.S.), No. 16-300 (Petition for a Writ of Certiorari).

II. The Motion to Consolidate

Against this background, APC seeks the consolidation of these cases. In support of its motion, APC primarily contends that the cases involve common questions of law and fact and therefore must be consolidated. More specifically, APC asserts that the Hassan case should be consolidated with the McCauley case because the both cases allege the same causes of action under the FLSA and Ohio law, and the prospective class, alleged scheme of violations, and defendants are effectively the same. APC argues that it does not matter that the Hassan case includes claims for unpaid overtime in addition to the claims for unpaid minimum wages. Further, APC argues that the issue of the arbitration agreements and motion to compel arbitration in the Hassan case does not preclude consolidation. In short, according to APC, all the factors generally considered weigh in favor of consolidation and the FLSA does not prohibit consolidation.

In response, the Hassan plaintiffs object to consolidation for any purposes other than discovery, and state by way of footnote that they already have served discovery. They contend that consolidation for all other purposes should be denied because the cases involve different causes of action, procedural

remedies, and parties, that the cases are at different stages, and that the plaintiffs seek to represent different classes.

### III. Analysis

Consolidation of cases is provided for in Rule 42(a) of the Federal Rules of Civil Procedure, which states, in pertinent part, that the Court may order consolidation of actions involving "a common question of law or fact . . . ." Fed. R. Civ. P. 42(a). The purpose of consolidation is to "administer the court's business 'with expedition and economy while providing justice to the parties.'" Advey v. Celotex, Corp., 962 F.2d 1177, 1180 (6th Cir. 1992) (quoting 9 Wright & Miller, Federal Practice and Procedure, §2381 (1971)). Courts should thoughtfully consider "[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993) (citation and internal quotation marks omitted).

"[C]onsolidation does not merge the suits into a single action, change the rights of the parties, or make parties in one suit parties in the other." Twaddle v. Diem, 200 F. App'x 435, 438 n.4 (6th Cir. 2006) (citing Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933) (interpreting predecessor of Rule 42(a))). "[I]t is the district court's responsibility to ensure that parties are not prejudiced by consolidation." Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 412-13 (6th Cir. 1998) (citing Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2385 (2d ed.1994)).

The parties do not dispute that the actions before the Court

-4-

involve common questions of law and fact relating to wage-based claims under the FLSA and Ohio law.  For this reason, the Hassan plaintiffs do not object to the consolidation of these cases for discovery purposes.  The Court agrees that this is the reasonable approach under the current circumstances.  The cases are at different stages, with notice already having been issued in the McCauley case and the opt-in period having now expired.  Further, as the cases currently stand, the plaintiffs seek to represent different classes distinguished, in part, by the issue of an arbitration agreement.  As explained above, the United States Supreme Court soon will be addressing a similar issue relating to such agreements.  While the Court finds limited consolidation to be the better exercise of discretion at this point, the parties remain free to seek consolidation for further purposes at a later date should they so choose.  Finally, to the extent that these cases are consolidated for discovery purposes, in order to undertake or continue with discovery on a consolidated basis, the parties will be required to request that the stay be lifted in the Hassan case.

## IV. Conclusion

For the reasons set forth above, the motion to consolidate (Doc. 36 in Case No. 2:16-cv-253) is granted to the extent that these cases are consolidated for purposes of discovery but denied in all other respects.

## V. Motions for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections

are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge